UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CEDRIC B.,

                Plaintiff,

    -v-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

22-CV-00558-MJR
DECISION AND ORDER

        Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 13)

        Plaintiff Cedric B.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 8) is granted, defendant's motion (Dkt. No. 9) is denied, and the case is remanded for further administrative proceedings.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

Plaintiff filed for DIB and SSI on March 8, 2019, alleging a disability onset date of February 15, 2018. (Administrative Transcript ["Tr."] 303-08). The applications were denied initially on May 31, 2019, and upon reconsideration on August 7, 2019. (Tr. 79-128). Plaintiff timely filed a request for an administrative hearing. (Tr. 170-71). On September 3, 2020, Administrative Law Judge ("ALJ") Stephen Cordovani held a telephone hearing, at which Plaintiff participated, along with his counsel. (Tr. 26-45). On November 2, 2020, the ALJ issued a decision finding Plaintiff not disabled. (Tr. 129-46). On April 29, 2021, the Appeals Council remanded the case for a further hearing. (Tr. 147-52). On September 16, 2021, the ALJ held another telephone hearing at which Plaintiff and his counsel participated. (Tr. 46-73). On September 29, 2021, the ALJ issued a decision again finding Plaintiff not disabled. (Tr. 7-25). This action followed.

## DISCUSSION

I.   *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.   *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of

not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c),

416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* §§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education,

and work experience, the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

### III.   *The ALJ's Decision*

Preliminarily, the ALJ found Plaintiff's last-insured date to be December 31, 2021. (Tr. 13). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 15, 2018, the alleged onset date. (Tr. 18). At step two, the ALJ found that Plaintiff has the medically determinable impairments of headaches, depression, and anxiety, but further found that none of these impairments is severe. (Tr. 13-18). Accordingly, the ALJ determined that Plaintiff is not disabled. (Tr. 18).

### IV.   *Plaintiff's Challenge*

Plaintiff argues, *inter alia*, that this case must be remanded because the ALJ's step two finding is not supported by substantial evidence. The Court agrees.

Plaintiff's argument is that the ALJ, in considering his impairments at step two of the sequential analysis, erred by not identifying his depression and anxiety as severe impairments. In response, the defendant argues that substantial evidence supports the ALJ's determination that Plaintiff's depression and anxiety were successfully treated and

did not significantly limit his ability to perform basic work activities for a period of at least 12 months, as is required to be considered a severe impairment.

At step two of the disability analysis, the ALJ determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). "The following are examples of 'basic work activities': 'walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling ... seeing, hearing, and speaking ... [u]nderstanding, carrying out, and remembering simple instructions ... [u]se of judgment ... [r]esponding appropriately to supervision, co-workers and usual work situations.' " *Taylor v. Astrue*, 32 F. Supp. 3d 253, 265 (N.D.N.Y. 2012) (citations omitted), *adopted*, 32 F. Supp. 3d 253 (N.D.N.Y. 2012).

"The claimant bears the burden of presenting evidence establishing severity." *Id.* Step two's "severity" requirement is *de minimis* and is meant only to screen out the weakest of claims. *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995); *see also McIntyre v. Colvin,* 758 F.3d 146, 151 (2d Cir. 2014) ("[A]n ALJ's decision is not necessarily internally inconsistent when an impairment found to be severe is ultimately found not disabling: the standard for a finding of severity under Step Two of the sequential analysis is *de minimis* and is intended only to screen out the very weakest cases."); *O'Connor v. Saul*, No. 1:18-CV-00740 CJS, 2020 WL 1242408, at *3 (W.D.N.Y. Mar. 16, 2020) ("The standard at step two is quite low."). However, despite this lenient standard, the " 'mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment' is not, by itself, sufficient to render a condition 'severe.' " *Taylor*, 32 F. Supp. 3d at 265 (quoting *Coleman v. Shalala*, 895 F. Supp. 50,

53 (S.D.N.Y. 1995)). Rather, "to be considered severe, an impairment or combination of impairments must cause 'more than minimal limitations in [a claimant's] ability to perform work-related functions.' " *Windom v. Berryhill*, No. 6:17-cv-06720-MAT, 2018 WL 4960491, at *3 (W.D.N.Y. Oct. 14, 2018) (quoting *Donahue v. Colvin*, No. 6:17-CV-06838(MAT), 2018 WL 2354986, at *5 (W.D.N.Y. May 24, 2018)) (alteration in original); *Lugo Rodriguez v. Berryhill*, No. 3:17-CV-00093 (VLB), 2018 WL 1135330, at *4 (D. Conn. Mar. 2, 2018) ("In other words, any claim in which the medical evidence establishes more than a 'slight abnormality' with 'no more than a minimal effect on an individual's ability to work' should be determined 'severe.' ") (quoting *Bowen v. Yuckert*, 482 U.S. 137, 154 n.12 (1987)). Further, a severe impairment must persist for at least twelve months. *See* 42 U.S.C. § 423(d)(1)(A) (disability involves impairment "which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). "[A]ny error at step two is rendered harmless when the ALJ finds that a claimant has other severe impairments and proceeds through the later steps of the sequential analysis." *Herman S. v. Comm'r of Soc. Sec.*, No. 1:19-CV-00210 EAW, 2022 WL 71618, at *5 (W.D.N.Y. Jan. 3, 2022).

For an ALJ to stop at step two and not continue to the remaining steps is "an unusual case." *Dawn Lyn C. v. Comm'r of Soc. Sec.*, No. 3:20-CV-00545 (TOF), 2021 WL 4398372, at *1 (D. Conn. Sept. 27, 2021) ("ALJs frequently find some or all of a claimant's impairments to be less than severe. But they usually go on to conduct the rest of the five-step process, and often find that the claimant possesses the residual functional capacity to perform work that is available in the national economy. Here, however, the ALJ stopped at Step Two."); *Hudson v. Bowen*, 870 F.2d 1392, 1396 (8th Cir. 1989)

("Thus, the sequential evaluation process can be terminated at step two only in cases where there is no more than a minimal effect on the claimant's ability to work."). Indeed, Social Security regulations advise that "[a] claim may be denied at step two only if the evidence shows that the individual's impairments, when considered in combination, are not medically severe, i.e., do not have more than a minimal effect on the person's physical or mental ability(ies) to perform basic work activities. If such a finding is not clearly established by medical evidence, however, adjudication must continue through the sequential evaluation process." *Titles II & Xvi: Med. Impairments That Are Not Severe*, SSR 85-28, at *3 (S.S.A. 1985). The regulations further provide:

> Great care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued.

*Id.* at *4; *see also McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 361 (3d Cir. 2004) ("Instead, we express only the common-sense position that because step two is to be rarely utilized as basis for the denial of benefits, ... its invocation is certain to raise a judicial eyebrow.").

Here, the ALJ erred in finding that Plaintiff's depression and anxiety are non-severe impairments. As noted above, this is a *de minimis* standard that exists only to screen out the weakest of claims. *See Faison v. Berryhill*, No. 6:16-CV-06055 (MAT), 2017 WL 3381055, at *2 (W.D.N.Y. Aug. 5, 2017). The ALJ found these impairments non-severe after discussing the consultative examinations, Plaintiff's statements about his symptoms and daily activities, and some of Plaintiff's treatment. (Tr. 16-17). However, despite the

ALJ's findings, the evidence supports that Plaintiff meets the *de minimis* burden of showing that he is significantly limited in basic work activity.[3]

Plaintiff's treatment notes in 2018 indicate that he suffered from nervousness, social anxiety, difficulty maintaining employment, easy annoyance, and panic attacks. (Tr. 847). He also complained of worsening anxiety. (Tr. 487). The 2019 treatment notes were similar, indicating that Plaintiff was having difficulty around others, and continued to have panic attacks, easy agitation, anhedonia, depressed mood, poor appetite, feeling bad about himself, difficulty concentrating, excessive worrying, and feeling fearful something bad would happen. (Tr. 500). His initial examination noted anxious and depressed mood with hyperactive motor activity. (Tr. 500). Plaintiff also explained that he stopped treatment in 2018 because his grandmother passed away, and he "shut down." (Tr. 500).

In 2018, Plaintiff required many different mental health medications, including Lexapro, Prozac, and trazodone. (Tr. 490, 498). In 2019, Plaintiff's medications were changed, and he started a number of new medications and/or different dosages, including Risperdal, Buspar, and propanol. (Tr. 586, 588, 590, 596, 599). Lexapro caused agitation as well as sexual dysfunction and was discontinued. (Tr. 560, 591). Then, in 2020, when Plaintiff's mood improved, (Tr. 603-04), he still required medication changes, with propanol being discontinued, and Wellbutrin being added and later increased. (Tr. 599, 602, 604). Risperidone and hydroxyzine were subsequently added. (Tr. 618, 762). It seems clear that Plaintiff's functioning was reduced based on his frequent medication changes.

---

[3] The Court notes that the defendant makes no mention of the *de minimis* standard in its brief.

Moreover, treatment records note that Plaintiff had difficulty around others. At his psychiatric intake in May 2019, he reported difficulty around others and stated he almost left the appointment before attending because he felt uncomfortable in the waiting room. (Tr. 584). It was noted he was unable to complete his GED classes as he was unable to tolerate being around others in the classroom. (Tr. 584). Frequent agitation was also noted. (Tr. 500, 563, 565). It was further noted he had increased irritability being around his children. (Tr. 542, 593, 743, 771). He had panic attacks, including one after trying to work through a temp agency. (Tr. 529). Overall, this evidence would appear to meet the *de minimis* burden of showing that Plaintiff's depression and anxiety caused him significant limitations in basic work activity.

An error at step two is harmless when an ALJ identifies other severe impairments, proceeds past step two, and considers the effects of all the claimant's impairments through the remainder of the sequential evaluation. S*ee Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013). In this case, however, by stopping at step two, the ALJ did not undertake such an analysis. Accordingly, the question here is whether the medical evidence established that Plaintiff's depression and anxiety were so clearly insubstantial so as to justify the ALJ's determination to stop at step two. *Dawn Lyn C.*, 2021 WL 4398372, at *5 ("The ALJ's decision to reject the Plaintiff's claim at Step Two should be affirmed if there is sufficient evidence in the record – of the sort that a reasonable mind might accept – for the proposition that the Plaintiff's [claimed impairment] is a *de minimis* or 'clearly insubstantial' one, and reversed if there is not."). While the ALJ's step two determination is entitled to deference if it is free from error and supported by substantial evidence, the Court concludes that the ALJ's step two finding here, that Plaintiff's

depression and anxiety were so clearly insubstantial so as to not meet the *de minimis* standard, is not supported by substantial evidence. Thus, the Court finds that the ALJ's determination at step two was error, and the case must be remanded. *See Ruth H-Z. v. Comm'r of Soc. Sec.*, No. 1:20-CV-01859 EAW, 2022 WL 2586533, at *6–7 (W.D.N.Y. July 8, 2022) (citing *Dawn Lyn C.*, 2021 WL 4398372, at *8 ("Viewing the record in its entirety, and considering the "low," "*de minimis*" standard that applies here, the Court concludes that the ALJ's decision to reject the Plaintiff's claim at Step Two is not supported by substantial evidence.").[4]

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is granted, defendant's motion for judgment on the pleadings (Dkt. No. 9) is denied, and the case is remanded for further administrative proceedings.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:   November 20, 2024
         Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge

---

[4] Plaintiff also argues that the ALJ erred by failing to properly apply the "special technique" in evaluating Plaintiff's functional limitations. Defendant should also address this argument on remand.